## National Surety Company v. Grant County Board of Education, et al.

(Decided January 19, 1926.)

### Appeal from Grant Circuit Court.

1. Schools and School Districts—Subcontractor's Claims Against Contractor Held Not Unpaid Within Requirement of Bond that Obligee Notify Surety and Withhold Payment from Contractor.—

Claims of subcontractor against school building contractor for labor and materials held not claims unpaid nor liens nor notice of liens, within requirement of contractor's bond that obligee notify surety thereof and withhold payment from contractor where differences between him and subcontractor were settled, and amounts due latter were paid by obligee on contractor's order and charged to contractor.

2.   Schools and School Districts—Notice to Surety that Liens for Labor and Materials had been Asserted Held Waived.—Notice to surety on school building contractor's bond, that laborers and materialmen had asserted liens after contractor's default, held waived by surety's disavowal of liability when notified by obligee that contractor had defaulted.

3.   Schools and School Districts—Evidence Held Not to Show that School Board, Suing Surety on Building Contractor's Bond, Voluntarily Paid any Claims for Labor and Materials.—Evidence held not to show that board of education, suing surety on building contractor's bond, paid any claim which it was not compelled to pay to release property from mechanics' and materialmen's liens attaching under Ky. Stats., section 2463.

C. C. ADAMS and ROBERT F. VAUGHAN for appellant.

O. S. HOGAN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

On July 11, 1919, appellee, Grant county board of education, let to Merriman & Willoughby a contract to erect a school building at Crittenden, Kentucky, in accordance with plans and specifications made part of the contract, at the price of $20,100.00. Appellant, National Surety Company, as surety, guaranteed the faithful performance of the contract to the extent of $5,000.00 This action was instituted by appellee against appellant upon that bond to recover $2,500.00, damages alleged to have been suffered by it as a result of the failure of Merriman & Willoughby to perform the contract. Appellant denied liability, and, after having been transferred to equity, the trial of the case below resulted in a judgment for appellee for $2,234.71. Appellant has appealed.

The bond executed by appellant, by its terms, recited that it was executed, among others, upon the following express condition, which should be precedent to the right of recovery:

"If at any time during the prosecution of the work specified in said contract to be performed

there come to the notice or knowledge of the obligee the fact that any claim for labor performed or for materials furnished the said principal in or upon said work remains unpaid or that any lien or notice of lien for such work or materials has been filed or served, the obligee shall withhold payment from the principal of any moneys due or to become due to the principal under said contract until the payment of such claim or the cancellation and discharge of such lien or notice of lien, if any, and will so notify the company, giving a statement of the particular facts and amount of each such claim, lien or notice of lien.''

Appellant claims to have been relieved of liability under the bond by appellee's noncompliance with the conditions quoted. It is insisted that on September 18, 1919, it was brought to the attention of appellee that claims for labor performed for and materials furnished to the contractor were unpaid and that appellee failed to notify appellant and to withhold payment from the contractor until the payment of such claims, because of which appellant contends it is relieved of liability under the provisions of the contract quoted, *supra*. The evidence on that question discloses that at that time a difference arose between the contractors and a subcontractor for the brick work as to how much was then due the latter for the work then done. That difference was settled between the parties after a full discussion of it between them in the presence of the members of the Grant county board of education, and after the agreement was reached the amount found due the subcontractor on the order of the contractor was paid by appellee directly to the former and charged to the latter. The evidence clearly establishes that nothing with reference to that transaction was required by the quoted provision of the bond, *supra,* to be reported to appellant, and appellee's failure to do so in no wise violated any of its provisions.

Again it is insisted that on November 21, 1919, knowledge of the fact that claims for labor and materials owing by the principal contractor were unpaid and that notices of lien for such had been filed and served upon appellee, and that it in violation of the provisions of the contract quoted *supra,* failed to notify appellant of those facts and to withhold payment from the contractor of

moneys due him, and thereby released it of its obligation under the contract. It relies on a letter of that date written by the subcontractor for the brick work as furnishing evidence to sustain its contention. That letter introduced in evidence herein reads:

"Lexington, Ky.,
Nov. 21, 1919.

"Board of Education,
    Crittenden, Ky.

"Gentlemen: We attach herewith asknowledgment of H. T. Merriman, general contractor, for the erection of your school, for a balance due me as subcontractor under him for the brick work which I did, amounting to nineteen hundred forty-seven dollars and fifty-three cents ($1,947.53).

"I wish to take advantage of the protection given me under the mechanic's lien law for this account and hereby request that you pay the above amount to me direct. All the above amount is for labor and materials used in the construction of the brick work.

"Yours truly,
O. B. Bishop."

The contents of the letter make it to appear that the general contractor and the subcontractor for the brick work had had a settlement and that it was found that $1,947.53 was due the latter for the brick work. A written, signed acknowledgment of that fact by the general contractor was inclosed with the letter. The closing paragraph of the letter speaks for itself. Immediately after receipt of the letter appellee, on the order of the contractor, paid $1,374.00 to that claimant, and subsequently paid to him the balance due. The amount so paid was charged to the general contractor in part settlement of the contract price of the building. Clearly this is not a case of claims for labor or materials remaining unpaid or of liens or notice of liens for same within the provisions of the quoted portion of the contract such as required appellee to notify appellant. The amount due the subcontractor for the brick work seems then to have been ascertained for the first time and the greater part of it on the order of the general contractor was paid immediately by appellee and the remainder subsequently paid. It did not remain a claim unpaid within the pro-

visions of the contract quoted, *supra,* requiring notice to appellant or withholding of funds.   See National Surety Company v. Price, 162 Ky. 632, 172 S. W. 1072, where, in discussing this exact question, the court said:

"It will be observed that the bond does not fix a time that the claims shall remain unpaid.   If the words should be held to apply to every claim remaining unpaid, without regard to time or demand on the part of the claimant, it is manifest that the very purpose of the bond would be defeated.   It would impose upon the obligee the absolute duty of protecting the obligor, relieve the obligor of all liability under the bond.   In our opinion, the claim must be due.   There must be a demand for payment and either a refusal or a neglect to pay, for an unreasonable length of time, and the obligee should have notice or knowledge of these facts."

No other instance in which it is claimed appellee violated the quoted portion of the terms of the bond is discussed by brief for appellant.

It is next insisted by appellant that the record contains no evidence of loss or damage by appellee with which it is chargeable under the terms of the bond, and that therefore the chancellor erred in awarding a judgment against it.   This contention and the argument to support it are predicated wholly upon the hypothesis that the record shows that appellee paid to subcontractors and laborers and materialmen after default by the contractor approximately $3,000.00 for material furnished by them to and labor performed by them for the contractor before default which were not liens against its property. A single question and answer relative to an item of $1,475.00 reading: "Q.   87.   I will ask you also if there was a notice served on the board of education signed by the Combs Lumber Company for $1,475.00?   A.   No, sir, we wasn't legally served," are much emphasized in the brief for appellant as establishing as to that item at least that it was paid voluntarily by appellee and without a lien having attached against its property to secure it. The next question and answer, however, make it appear that the lien was properly asserted: "Q.   88.   In what manner was it served?   A.   Well, when they filed the lien with an officer it was a legal notice."   It appears, especially from the cross-examination of appellee's wit-

nesses by attorney for appellant, that after the default by the principal contractor, those who had furnished labor and materials asserted liens to protect themselves. Notification of that fact under the provisions of the guaranty contract hereinbefore quoted had been waived by appellant by its disavowal of liability when notified by appellee in January that its principal, the contractor, had defaulted. After interrogating appellee's witnesses as to a number of particular claims for materials and labor paid by it after appellant's principal, the contractor, had defaulted, and establishing as to them that the liens provided by section 2463, Kentucky Statutes, had been asserted by the notices and statements, served and filed, as required, the general question was asked: "Didn't you make payment of some claims for material, etc., on which no lien notice had been filed?" and the answer was: "Not that I remember." The record herein does not disclose that in settling with those who had furnished material and performed labor for appellant's principal, the contractor, appellee paid any claim which it was not compelled to pay in order to release its property of the lien attaching to it under the provisions of our statutes, relating to mechanics' and materialmen's liens. The record abundantly sustains the finding of the chancellor that the cost of completing the building together with the amounts required to be paid to materialmen and laborers for the defaulting contractor, appellant's principal, together with the amounts properly paid to them before default, exceeded the contract price of the building in the amount for which judgment was awarded to appellee.

Perceiving no error in the judgment entered herein, it will be affirmed.

Judgment affirmed.